SEND
JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2698 PA (CTx) | Date | May 6, 2009 |
|---|---|---|---|
| Title | Valentin Verner v. Swiss II, LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

    Before this Court is a Notice of Removal filed by defendant Swiss II, LLC ("Defendant") on April 17, 2009. Defendant asserts that jurisdiction exists based on diversity of citizenship and the Class Action Fairness Act ("CAFA"). See 28 U.S.C. § 1332.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). CAFA does not shift the burdens normally applied to removal actions. "[U]nder CAFA the burden of establishing removal jurisdiction remains . . . on the proponent of federal jurisdiction." Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006); see also Miedema v. Maytag Corp., 450 F.3d 1322, 1328–29 (11th Cir. 2006) (holding that the principles of strict, narrow construction apply equally to cases removed pursuant to CAFA). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

    To establish diversity jurisdiction pursuant to CAFA, the removing party must demonstrate, at a minimum, that at least one plaintiff and one defendant are citizens of different states and that the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interests and costs. See 28 U.S.C. § 1332(d); Abrego Abrego, 443 F.3d at 685. These basic jurisdictional requirements must appear on the face of the pleading. See Sykes v. United States, 290 F.2d 555, 556 (9th Cir. 1961); see also Buller Trucking Co. v. Owner Operator Indep. Driver Risk Retention Group, Inc., 461 F. Supp. 2d 768, 775 (S.D. Ill. 2006) (stating that the Seventh Circuit "has cautioned that CAFA is to be interpreted in a manner consistent with pre-CAFA federal law and is presumed not to alter traditional rules governing removal, save to the extent it does so explicitly") (collecting cases).

SEND<br>JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-2698 PA (CTx) | Date | May 6, 2009 |
|---|---|---|---|
| Title | Valentin Verner v. Swiss II, LLC | | |

      To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

      The first amended Class Action Complaint filed by plaintiff Valentin Verner ("Plaintiff") states his residence, but not his citizenship. (First Amendment to Class Action Complaint, ¶ 8.) In its Notice of Removal, Defendant alleges that "Plaintiff alleges that he is a citizen of California," citing to the paragraph in which Plaintiff alleges his residence. (Notice of Removal, ¶ 14.) Because neither the "four corners" of the Complaint nor the Notice of Removal contain sufficient allegations concerning citizenship, Defendants have not met their burden to establish this Court's jurisdiction. See Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). Accordingly, this Court remands this action to Los Angeles Superior Court, Case No. BC402394 for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.